Chief Judge Fuld.
The defendant Carmine Tramunti stands convicted of the crime of criminal contempt (Penal Law, § 215.50), based on his refusal to answer questions before a grand jury. The Appellate Division affirmed the resulting judgment, and the appeal calls upon us to determine whether he had been granted, and adequately advised that he had been granted, the constitutionally required transactional immunity — the same question, we note, which was presented in People v. Mulligan (29 N Y 2d 20, also decided today).
Tramunti, after refusing to answer questions as a witness before a Bronx County Grand Jury, was informed by an Assistant District Attorney that the jury ‘ ‘ has seen fit to vote you immunity pursuant to section 619-c of the Code of Criminal Procedure.” Then, in proceeding to explain the grant of such immunity, the prosecutor told the witness that “you cannot sir, be prosecuted for any crime that you may be forced to testify against yourself relating to it, in other words * * * if you were to testify and incriminate [your] self * * * you cannot be prosecuted for that ’ ’ or for any evidence ‘ ‘ that we are able to obtain from your lips as a result of anything you testified to which may inferentially lead to your having violated something ”. Such “ advice ”, almost unintelligible, fell far short of the ‘ ‘ full and fair notice ’ ’, to which a witness is entitled, that he was being given transactional immunity, ‘ ‘ immunity in displacement of the privilege against self incrimination.” (People v. Masiello, 28 N Y 2d 287, 291; see People v. Mulligan, 29 N Y 2d 20, supra.) On the contrary, the District Attorney’s statements seem to suggest that the defendant was receiving only limited testimonial or use immunity. It follows that his refusal to answer questions may not be relied on to support a charge of contempt. (See, e.g., People v. Masiello, 28 N Y 2d 287, supra.) Accordingly, the conviction cannot stand.
The judgment appealed from should be reversed and the indictment dismissed.
Judges Bergan, Breitel, Jasen and Gibson concur with Chief Judge Fuld; Judges Burke and Scileppi dissent and vote to affirm.
Judgment reversed, etc.