Per Curiam.

A Grand Jury witness need not answer questions based on information obtained as the result of illegal wiretapping (U. S. Code, tit. 18, § 2515). Nor may the contempt power be used to compel such testimony or punish the witness for his silence. The claim ,of illegal wiretapping, if sustained, constitutes a defense.
However, when the witness raises the objection, during the Grand Jury proceeding, unless he requests to be brought before the court, the prosecutor is not 'obligated to affirm or deny the underlying facts.*
The request during the Grand Jury proceeding by the witness that he be brought before the court must be respected and once there the Presiding Justice may make appropriate inquiry whether the witness’ objection is sound. In the course of that *950 inquiry, the court, may, in its discretion interrogate the prosecutor under oath, either in camera, or in open court, whether or not the basis for the questioning of the witness was founded on the illegally obtained wiretap evidence.
In this case, defendant did not seek the advice or instruction of .the court and, accordingly, ,the order of the Appellate Division should be reversed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in a Per Curiam opinion.
Order reversed and case remitted to Appellate Division, First Department, for consideration of the facts (GPL 470.40, subd. 2, par. [b]; 470.25, subd. 2, par. [d]).

 The Federal statute (U. S. Code, tit. 18, § 3504) requiring the prosecutor to affirm or deny in Federal Grand Jury proceedings does not apply to the States, and the legislative history indicates that the omission was intentional. (See House Rept. 1549, 91st Cong., 2d Sess. 3, 16 1970 U. S. Code Cong. & Admin. News 4007, 4009, 4027 [1970].)