In the Matter of THE DEMOCRATIC COUNTY COMMITTEE OF BRONX COUNTY, Appellant, v MAURICE H. NADJARI, as Deputy Attorney-General of the State of New York, Respondent.

STANLEY SIMON et al., Appellants, v MAURICE H. NADJARI, as Deputy Attorney-General of the State of New York, Respondent.

In the Matter of PATRICK J. CUNNINGHAM et al., Appellants, v MAURICE H. NADJARI, as Deputy Attorney-General of the State of New York, et al., Respondents.

First Department, April 29, 1976, amended May 25, 1976

*Irving Anolik* for appellants.

*Bennett L. Gershman* and *Thomas G. Roth* of counsel *(Louis Perez* and *Christopher P. Sullivan* with them on the brief; *Maurice H. Nadjari, Deputy Attorney-General, pro se)* for respondent.

*Per Curiam.* The above three appeals to which respondent Maurice H. Nadjari, "Deputy Attorney-General, State of New York," is a party and which involve some common legal issues, are consolidated for purposes of disposition. At the outset we observe that where there is "no claim that the Grand Jury lacks *de facto* organization and existence, the petitioners lack standing to challenge its jurisdiction. *(Blair v. United States,* 250 US 273; *People v. Doe [Byk],* 247 App Div 324, affd without opn 272 NY 473.)" *(Matter of L&S Hosp. & Institutional Supplies Co. v Hynes,* 51 AD2d 515.) Petitioners claim that the Grand Jury lacks a *de facto* existence and organization has been examined and found to be without merit.

With respect to the appeal by Patrick J. Cunningham and Mary T. Cunningham from the denial of their motion to quash a subpoena duces tecum served on the Manufacturers Hanover Trust Co. directing the production of various records of that institution relating to the Cunninghams' accounts for the period of January 1, 1974 to date, the recent holding of the Supreme Court in *United States v Miller* (425 US 435) is dispositive. The Supreme Court concluded that an individual has no reasonable expectation of privacy with respect to records such as are subject to the subpoena at issue herein and thus has no cognizable Fourth Amendment interest. The court declared (pp 442-444): "Even if we direct our attention to the original checks and deposit slips, rather than to the microfilm copies actually viewed and obtained by means of the subpoena, we perceive no legitimate 'expectation of privacy' in their contents. The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their em-

ployees in the ordinary course of business. The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they 'have a high degree of usefulness in criminal, tax, and regulatory investigations and proceedings.' 12 U.S.C. § 1829b (a)(1). Cf. *Couch v United States* [409 U.S. 322, 335 (1973)]. The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. *United States v White*, 401 U.S. 745, 751-752 (1971). This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. *Id.,* at 752; *Hoffa v. United States,* 385 U.S., at 302; *Lopez v. United States,* 373 U.S. 427 (1963) * * * Since no Fourth Amendment interests of the depositor are implicated here, this case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued. *California Bankers Assn. v. Shultz,* 416 U.S., at 53; *Donaldson v. United States,* 400 US 517, 537 (1971) (Douglas, J., concurring)." Thus, it is clear that the appellants have no standing to challenge the production of such bank records now in possession of a bank because in such records there is no reasonable expectation of privacy.

It is also asserted in the Cunninghams' proceeding that electronic surveillance is the basis of the investigation and that as a consequence the subpoena duces tecum must be quashed because of the provisions of section 2518 of title 18 of the United States Code. It is urged that pursuant to section 2518 before any evidence representing the contents or fruits of electronic surveillance can be submitted at a hearing, each party must be furnished with the order and application for such electronic surveillance. *United States v Calandra* (414 US 338) held that a witness summoned to appear and testify before a Grand Jury may not refuse to answer questions on the ground that they are based on evidence obtained from an unlawful search and seizure, since this issue could be raised at the trial. In similar fashion, CPL 700.70 provides, *inter alia,*

that "[t]he contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed *upon a trial* of a defendant unless the people, not less than ten days before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved" (emphasis supplied). In *People v Einhorn* (35 NY2d 948) the State Court of Appeals outlined a procedure whereby a Grand Jury witness who raises an objection to questioning on the basis that the information was obtained as the result of *illegal* wiretapping, may request to be brought before the court and seek the advice or instruction of the court. The Presiding Justice in his inquiry, may "interrogate the prosecutor under oath, either *in camera,* or in open court, whether or not the basis for the questioning of the witness was founded on the illegally obtained wiretap evidence" *(People v Einhorn, supra,* p 950). Thus, absent invocation of the *Einhorn* procedure, there is no right on the part of a Grand Jury witness to demand production by the prosecutor of eavesdropping warrants and accompanying applications in response to a motion to quash a Grand Jury subpeona.

Appellants' argument that the use—assuming there was such use—of an *in camera* ex parte affidavit which was utilized in an earlier case, to wit, *Matter of Cunningham v Nadjari* (51 AD2d 927, affd 39 NY2d 314), deprives them of due process of law is without merit. Implicit in this court's rejection of this argument in the prior case and the affirmance by the Court of Appeals is a finding that due process of law was not offended.

In the proceeding involving the Democratic County Committee of Bronx County, the further issues of the propriety of the amendment to Executive Order 56 (9 NYCRR 3.56) and the claimed "chilling effect" upon membership and violation of the First Amendment are raised. The challenge to the amendment to Executive Order 56 must fail for the reason that petitioner lacks the requisite standing. The subpoena here challenged was, it appears, issued pursuant to said order *prior* to its amendment.

With respect to the issue that the subpoena duces tecum objected to by the committee has a "chilling effect" upon party membership, it is well to recognize that petitioner is not, nor has it ever been regarded as an illegal organization. Further,

petitioner is an association which by its nature purports to exercise a valid and major role in the process of government. The mere existence of a "chilling effect" is not determinative because as observed in *Younger v Harris* (401 US 37, 51), if in the course of valid State action, regulation tending to have the incidental effect of inhibiting First Amendment rights is sought, "it is well settled that the statute can be upheld if the effect on speech is minor in relation to the need for control of the conduct and [there is a] lack of alternative means for doing so".

Similarly, there is not merit to petitioner's contention that the publicity attendant upon the investigation necessarily establishes the bias of the Grand Jury, and that, assuming an unbiased Grand Jury could be impaneled, each Grand Juror should be subjected to a *voir dire.* To the extent that petitioner challenges the general absence of a Grand Jury *voir dire,* it is noted that respondent asserts that the Grand Jury has been repeatedly admonished to disregard media accounts and this factor must be taken into consideration as to whether publicity has unduly and improperly influenced the Grand Jury (see *People v King,* 48 AD2d 457, 458). Indeed, in *Beck v Washington* (369 US 541, 546) the United States Supreme Court viewed the *voir dire* of members of the Grand Jury by the Presiding Judge in the State of Washington to comport with due process, assuming such process "would require a State to furnish an unbiased body once it resorted to grand jury procedure". Accordingly, it is concluded that petitioner is not entitled to conduct a *voir dire* of prospective Grand Jurors.

In the proceeding involving the motion by Simon and Stein to quash the subpoenas duces tecum served on Irving Trust Company directing the production of certain records concerning their accounts for the period of January 1, 1969 through December 31, 1971, the same arguments were advanced as in the Cunningham and Democratic County Committee matters. For the reasons delineated above, these arguments are found to be unavailing.

Although the challenge to the constitutionality of the composition of the Grand Jury (Judiciary Law, § 598) is not reached because of the petitioners' lack of standing to assert same at this juncture, we shall in our forthcoming decision in *People v Siciliano* (52 AD2d 408) which was argued together with these matters, reach and treat of that issue.

Accordingly, as to appellant Democratic County Committee of Bronx County, the judgment of the Supreme Court, New York County, Extraordinary Special and Trial Term (SANDLER, J.), entered March 25, 1976, denying its motion to quash a subpoena duces tecum, should be affirmed; as to appellants Patrick J. Cunningham and Mary T. Cunningham, the judgment of said court, entered April 14, 1976, denying their motion to quash a subpoena duces tecum, should be affirmed; and as to appellants Simon and Stein, the judgment of said court, entered April 14, 1976, denying their motion to quash a subpoena duces tecum, should be affirmed.

Leave to appeal to the Court of Appeals is granted.

KUPFERMAN, J. (concurring). While I concur in the result in these matters, at the appropriate time the situation will be affected by the decision in *People v Siciliano* (52 AD2d 408) and I call attention to my dissent therein.

MARKEWICH, J. P., LUPIANO, BIRNS, and CAPOZZOLI, JJ., concur in *Per Curiam* opinion; KUPFERMAN, J., concurs in an opinion.

Judgment, Supreme Court, Bronx County, entered on March 25, 1976, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals.

Judgment, Supreme Court, Bronx County, entered on April 14, 1976, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals.

Judgment, Supreme Court, Bronx County entered on April 14, 1976, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals.