Bernard Dubin, J.
Petitioners Robert Cappetta and his wife Seena Cappetta move to quash a subpoena served on the Chase Manhatten Bank.
The subpoena in question was served on this institution by the office of the Queens District Attorney, which seeks to examine the Cappettas’ bank account for the period 1974 to and including 1976.
Petitioners contend that their personal bank records are privileged and any disclosure would constitute a violation of both Fourth and Fifth Amendment rights. Further, it is alleged that since the subpoena is returnable to the office of the District Attorney, this document would constitute an abuse of prosecutorial discretion. The People uphold the validity of the subpoena and maintain that the petitioners lack *944 standing to intervene in this action, citing United States v Miller US 435).
A review of the Miller case shows a fact pattern similar to the case at bar, namely, the legality of a bank subpoena which sought an individual’s bank record. The court in that case made two important determinations:
1. A depositor waives all "expectations of privacy” when he surrenders possession of his original checks and deposit slips to the bank.
2. Bank records are not "private papers”. They are "business records of the bank”.
These holdings are dispositive of the issues in this case. There can be no unlawful search and seizures of petitioners’ property because a bank depositor possesses no Fourth Amendment rights in connection with that property. This is so even if the records seized might furnish evidence of a criminal nature. As the Miller court pointed out in this connection (p 444): "Since no Fourth Amendment interests of the depositor are implicated here, this case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued. California Bankers Assn, v Schultz, supra, at 53; Donaldson v. United States, 400 U. S. 517, 537 (1971) (Douglas J., concurring).”
As for a violation of the Fifth Amendment, it is true that the Supreme Court did not rule directly on this point. However, by finding that a depositor’s papers became the business records of the bank, it would follow that the court believed that a depositor had surrendered all rights to privacy in these documents. If one possesses no right or expectation of privacy, logically one could not claim a violation of the right against self incrimination.
In light then of the Miller holding, this court finds that the petitioners have no standing to challenge the production of the requested bank record; they are third parties and can assert neither ownership nor possession. They have "no reasonable expectation of privacy”. (Matter of Democratic County Committee of Bronx County v Nadjari, 52 AD2d 70, 72.) Similar cases to the same effect are Matter of Shapiro v Chase Manhattan Bank (53 AD2d 542) and Matter of Troy (Ferraro) decided by Mr. Justice Thomas S. Agresta (NYLJ Oct 29, 1976, p 14, col 1).
*945 The application to quash is, therefore, denied in all respects. Order entered accordingly.
The clerk of the court is directed to mail a copy of this memorandum and the order to be entered thereon to the attorney for the petitioners.