Joseph J asp an, J.
Aniello Dellacroce moves pursuant to CPLR 2304 to quash a Grand Jury subpoena served upon him and in support of his position raises several issues including an important question relative to immunity.
IMMUNITY
The witness is contemporaneously on parole following convictions rendered in the United States District Court, Southern District of New York, and the Supreme Court, Kings County, and his concern is that notwithstanding the grant of transactional immunity by reason of his testimony, he would nevertheless be exposed to revocation of parole if it were *756 established that he consorted with known criminals (United States v Albanese, 554 F2d 543; General Rules Governing Parole, New York State Board of Parole, rule 7 [see 7 NYCRR 1915.10]). He asserts that unless he is assured that his Grand Jury testimony would not or could not be used at a parole violation hearing, the grant of immunity is not extensive enough to protect his Fifth Amendment rights.
CPL 50.10 provides that a witness who testifies before a Grand Jury and thereby receives immunity may not be convicted of any offense or subject to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence therein.
This statute and the Fifth Amendment have been held to be applicable only to a subsequent prosecution for a crime.
In Matter of Anonymous Attorneys (41 NY2d 506, 508) the court stated that "disciplinary sanctions imposed for misconduct are not criminal penalties under the statute.” In Short v United States (20 Crim L Rep 2286) the court held that "while the grant of immunity would bar the use of appellant’s testimony against him in a subsequent prosecution for a crime, such immunity would not prevent its use against him in a probation revocation hearing.”
The holding in Short is consistent with the rulings in Morrissey v Brewer (408 US 471) and People ex rel. Maggio v Casscles (28 NY2d 415) in which each court held that revocation of parole is not a criminal trial or part of a criminal prosecution but an administrative proceeding to which the full panoply of rights due a defendant does not apply.
In fact the Federal Administrative Procedure Act (US Code, tit 5, § 500 et seq.) is the applicable code of procedure with respect to alleged violation of parole by persons under Federal sentence. Article 8 of the Correction Law of this State also provides for an administrative procedure in determining matters of parole.
While due process controls parole revocation hearings (Matter of Hamm v Regan, 43 AD2d 344, 351, app dsmd 34 NY2d 992) the nature of the proceeding does not change from administrative to criminal. (Matter of Watkins v Caldwell, 54 AD2d 42.)
Since parole revocation procedures are not criminal in nature, I conclude that the immunity granted to a witness before a Grand Jury pursuant to CPL 190.40 as defined in *757 CPL 50.10 (subd 1) does not extend to proceedings to revoke parole and that this limitation is not in violation of any statutory or constitutional guarantee.
However, if the testimony before the Grand Jury were violative of the constitutional privilege against self incrimination, it could not, in any event, be subsequently used in either a State or Federal court proceeding (Murphy v Waterfront Comm., 378 US 52, 79-80). The rights of the witness would not therefore be jeopardized by his testimony.
The witness, in the alternative, seeks an order or stipulation that his Grand Jury testimony will not be turned over to other authorities or at least that application to do so would be on notice to him. The only limitation which I shall place before the District Attorney in this respect is that in any application pursuant to CPL 190.25 (subd 4) to turn over the evidence to another authority he advise the court of the fact that the witness desires to be heard on the application. This shall not constitute any limitation upon the powers of the court to determine the issue. Nor does it preclude the use of this testimony on any trial in which it should be disclosed as Brady or Rosario material.
ELECTRONIC SURVEILLANCE
The District Attorney acknowledges that some of the information concerning which the witness will be questioned is derived from wiretaps.
In People v Einhorn (35 NY2d 948) the rule was established that a Grand Jury witness need not answer questions based on information obtained as a result of illegal wiretapping.
The witness seeks a full suppression hearing on this issue. In Matter of Persico (491 F2d 1156, cert den 419 US 924) and in People v McGrath (57 AD2d 405) the respective courts ruled that no such plenary hearing is required and that the Judge may examine the relevant documents in camera to determine whether on their face they are sufficient and proper.
I have examined the affidavits and orders with respect to each of four applications for permission to monitor telephone conversations. I have found them to be legally sufficient and in compliance with CPL article 700. I particularly find that probable cause existed prior to approval, that other investigation techniques were not available as viable alternatives and *758 that the application was properly made by the District Attorney supported by another affidavit with the necessary factual support therefore.
I have also examined the sealing orders and find them to be in statutory compliance as defined in People v Glasser (58 AD2d 448). One of these orders was signed by a Judge other than the one who authorized the wiretap since the latter Judge was then on vacation.
This procedure has been approved in United States v Poeta (455 F2d 117, cert den 406 US 948).
OTHER ISSUES
The orders empaneling the Grand Jury and extending the term thereof are legally sufficient to invest the Grand Jury with power to conduct its investigation.
The claim that the witness may not have been involved in any activity within this county is premature and would be immaterial if the defendant is not indicted (he is not a target).
The motion to quash the subpoena is in all respects denied.
The defendant’s request that he not be required to testify pending action by the Appellate Division is also denied.
He may testify "under protest” with such protection of his rights as is provided in People v McGrath (supra).