OPINION OF THE COURT
Joseph J asp an, J.
The defendant is alleged to have contumaciously and unlawfully refused to appear before a Grand Jury to testify as a witness after being directed to do so by the court and after having been duly advised that he would have transactional immunity.
The indictment charging criminal contempt in the first degree (Penal Law, §215.51) is challenged by the defendant upon the ground that he can only be charged with a felony if he had first obeyed the direction of the court to appear before the Grand Jury and then refused to be sworn or testify. Defendant argues that the failure to comply with the direction of the court only triggers the application of subdivision 3 of section 215.50 of the Penal Law and accordingly he can only be indicted for a misdemeanor, criminal contempt in the second degree.
A Grand Jury had been empaneled in September, 1977 and, upon proper application, extended through October, 1977 to investigate the activities of "organized crime” in Suffolk County and particularly to determine whether identifiable persons have or were committing the crimes of gambling, usury, extortion, grand larceny and possession of stolen property.
Several witnesses, including the defendant, moved to quash the subpoenas served upon them, raising issues,as to immunity, the scope and targets of the investigation and the legality of the wiretap evidence then available to the District Attorney to the extent that it would constitute a valid premise for the questioning of the witnesses. (People v Einhorn, 35 NY2d 948.)
In a ruling issued on October 13, 1977 which had application to this defendant, I found the four applications for electronic surveillance and the orders issued as a result to be legally sufficient and further found that there had been full compliance with the sealing requirements (Matter of Dellacroce, 91 Misc 2d 755).
The defendant’s motion for similar relief was the subject of *878 a separate memorandum dated October 14, 1977 which incorporated the rulings in Dellacroce and further held the Grand Jury to have been lawfully empaneled and extended, the area of investigation sufficiently defined and denied the request to provide the defendant with transcripts of or permit him to hear the tapes of prior recorded conversations which might form the basis for questioning of the defendant. The opinion also contained the following language: "(4) The witness will, upon testifying, receive transactional immunity (C.P.L. 190.40) as defined in C.P.L. 50.10. He cannot be protected from perjurious or deliberately evasive answers.”
In open court on that date, October 14, 1977, the defendant through his counsel stated he would not appear before the Grand Jury although directed to do so. This indictment followed.
Section 215.51 of the Penal Law reads as follows: "A person is guilty of criminal contempt in the first degree when he contumaciously and unlawfully refuses to be sworn as a witness before a grand jury, or, when after having been sworn as a witness, before a grand jury, he refuses to answer any legal and proper interrogatory. Criminal contempt in the first degree is a class E felony.”
This section was added as chapter 734 of the Laws of 1970 and the accompanying memorandum of the Governor read in part as follows:
"The bill increases the penalty for refusal to be sworn as a witness or testify before a grand jury — after having been granted immunity — from a possible jail sentence of one year to a maximum prison sentence of four years.
"The grand jury has been an effective body for the investigation of serious crimes. The fight against organized crime, in particular, is extremely difficult because of the complex nature of the organizations involved and the multitude of activities which they have undertaken. In recent years, the criminal laws have experienced modifications to reflect increased safeguards for the rights of defendants. At the same time, it is important that law enforcement authorities have at their disposal all appropriate tools of the law, consistent with proper safeguards of individual rights, to combat crime.
"Recently, district attorneys investigating organized criminal activity have been confronted by witnesses who refuse to testify before grand juries, even after they have been granted immunity. The increase in penalty for contumacious refusal to *879 testify before a grand jury provided for in this bill, should encourage otherwise uncooperative witnesses to assist grand juries in their investigations.” (McKinney’s 1970 Session Laws of NY, p 3119.)
Since the statute intended to increase the penalty for failure to be sworn as a witness, can it now be said that this section has no application to a situation where the defendant compounds his efforts to thwart the inquiry by refusing to even appear after being directed to do so?
Defendant’s reliance on subdivision 3 of section 215.50 of the Penal Law is misplaced. It states that a person is guilty of criminal contempt in the second degree, a class A misdemeanor, when he intentionally disobeys or resists the lawful process or other mandate of a court. Subdivision 4 of the same statute also includes as proscribed conduct a "Contumacious and unlawful refusal to be sworn as a witness in any court proceeding or, after being sworn, to answer any legal and proper interrogatory.”
Although a Grand Jury empaneled by a superior court constitutes part of such court, the Legislature has seen fit to distinguish between a contumacious and unlawful refusal to be sworn as a witness in a court proceeding and similar conduct before a Grand Jury and to elevate the punishment for the latter offense for the reasons indicated in the quoted memorandum.
There is no strain upon the construction of section 215.51 of the Penal Law to hold that the refusal to be sworn as a witness before a Grand Jury may be articulated before the Judge who empaneled that jury and before whom relevant motions were heard and need not be repeated before the Grand Jury to constitute the crime of criminal contempt in the first degree.
Neither People v Cianciola (86 Misc 2d 976, 978) nor People v McGrath (86 Misc 2d 249), cited by defendant supports a contrary conclusion.
The reference in the subpoena to subdivision 3 of section 215.50 of the Penal Law does not preclude prosecution under section 215.51 of the Penal Law where the defendant has not been misled as to the penalty to be imposed for failing to appear or testify.
It is obvious from the minutes of the proceeding of October 14, 1977 that defense counsel and their clients were aware of *880 the provisions of sections 215.50 and 215.51 of the Penal Law and were specifically electing to risk a contempt before the court rather than a refusal to testify in the hope that the result sought by this motion would be accomplished.
But a defendant may not choose the penalty to be imposed for any contumacious or unlawful conduct by deciding upon which room of the same building he chooses to make his stand. The law does not require a futile act as a condition precedent to a remedy — civil or criminal. Substance must prevail over form in determining the nature of defendant’s conduct and the consequences which flow therefrom.
I hold that the defendant’s statement to the court that he would not appear before the Grand Jury although directed to do so after being advised that he could receive transactional immunity can constitute the crime of criminal contempt in the first degree and for that reason the Grand Jury minutes are legally sufficient.
The belated claim that the subpoena was invalid because the witness had not been prepaid his witness and mileage fees is equally without merit. Payment thereof need only be made by the treasurer of the county after the appearances before the Grand Jury (CPL 610.50).
There is therefore no reason to rule at this time as to whether criminal contempt in the second degree is a lesser included offense.
So much of the motion as requests that the title of the indictment be amended to exclude also known as Fat Andy also known as The Fat Guy is granted.
Other items of pretrial relief are mooted by the representations of the District Attorney in his answering affidavits.