OPINION OF THE COURT
Eugene R. Canudo, J.
The defendant, charged with the class E felony of criminal contempt in the first degree, moves under CPL 210.30 to dismiss the indictment on the ground that the Grand Jury evidence was not legally sufficient to support the charges.
His motion raises the question, for which no precedent was found, as to whether Grand Jury immunity protects a witness from the risk of being found in violation of a previously imposed probation. It questions, also, whether such a witness acts contumaciously, unlawfully and in contempt of a Grand Jury when, frustrated in his request for an authoritative judicial ruling as to the scope of his immunity, he refuses to testify in the Grand Jury room.
Subpoenaed to testify before a Grand Jury in the County of Suffolk on July 26, 1978, the defendant was told that the Grand Jury was investigating certain larcenies and that he possessed certain evidence that would aid the investigation. He was advised (1) that he was being granted immunity according to CPL 50.10 and therefore would not be subject to conviction of any offense or subjected to any penalty or forfeiture on account of any transaction, matter or thing concerning which he would give evidence; (2) that he would be subject to adjudication in contempt if he contumaciously refused to give evidence therein; and (3) that under CPL 190.40, as a witness in this type of proceeding, he was required to give evidence legally requested of him regardless of any protest or belief that the answers might tend to incriminate him. The defendant, showing full understanding of his rights, stated that since he was on probation for another crime, he feared that in the process of the questioning he might be giving replies that might subject him to a violation of probation. He asked whether he would be protected and was told that the grant of immunity did not extend to a *1032 possible violation of probation. He asked for time to consult his probation officer and was denied that opportunity. He requested the opportunity to go before a Judge for a ruling, and the District Attorney consented to that request. However, being unable to find a Judge in the building, he returned the defendant to the Grand Jury for questioning. Mr. Moschelle was directed to testify, was allowed to step outside to consult with his attorney, and then returned into the Grand Jury room and stated that he had nothing to say unless he were guaranteed immunity from violation of probation. This was denied. When asked by a Grand Juror about the nature of the testimony that would be requested of the defendant, the District Attorney replied that, in all likelihood, the witness would be testifying as to contacts he had with people who are known criminals and that this would constitute a violation of one of the conditions of his probation.
Pursuant to advice from the prosecutor, the Grand Jury indicted the defendant for violation of section 215.51 of the Penal Law, a class E felony, on the ground that he had contumaciously and unlawfully refused to answer legal and proper interrogatories. This is the charge now under consideration.
There are three questions that arise in this application for dismissal of the indictment: (1) Was the defendant entitled to immunity against violation of probation when called upon to testify before the Grand Jury? (2) Was the defendant entitled to appear before a Judge to get an authoritative ruling on that issue or was he bound to comply with the instructions given him by the prosecutor and by the Grand Jury? (3) Did the defendant act contumaciously, unlawfully and in contempt of the Grand Jury when he refused to answer questions?
If the answer to either (1) or (2) of the above questions is "yes”, the indictment lacks legal sufficiency. Dismissal will have to follow, also, if the answer to (3) is "no”.
When the District Attorney ruled that the defendant was not entitled to immunity, he cited as authority the case of People v Dellacroce (91 Misc 2d 755). Using the terms "probationer” and "parolee” interchangeably, he stated that the holding in that case was that "a witness who was then on Federal probation was compelled to testify * * * in spite of the conditions * * * that the immunity which was then to be granted, would not protect him from possible acts by the *1033 Parole Board for violation of his parole.” His statement was not accurate. The discrepancy is significant. Dellacroce was not on probation, but on parole when called upon to testify before a Suffolk County Grand Jury. In that case and in Morrissey v Brewer (408 US 471), and People ex rel. Maggio v Casscles (28 NY2d 415), it was held that revocation of parole is not a part of a criminal prosecution but is an administrative proceeding, even though a parolee is entitled to representation by counsel and to a full adversary hearing of the type that would be mandated in a criminal proceeding.
"A parole revocation hearing,” said the Court of Appeals in Maggio, "is in the nature of an administrative proceeding (People ex rel. Menechino v Warden, supra, p. 382) to determine whether a parolee has violated the conditions of his parole”. (People ex rel. Maggio v Casscles, supra, p 418.)
There are substantial differences between parole revocation and violation of probation. In the case of parole, the final determination is made by a board, an administrative body, whose membership may include nonlawyers. Although the parolee is entitled to be represented by counsel, the attorney’s function appears to be, principally, to make certain that the board is accurately informed of the facts at issue before it takes action. The parolee, to be sure, is entitled to certain guarantees of due process (Matter of Watkins v Caldwell, 54 AD2d 42), but this does not change the basic nature of the proceeding.
Violation of probation involves an infraction by a defendant of a condition of a sentence. Examination of CPL 410.60 and CPL 410.70 points up the difference between probation violation and parole revocation procedures. The defendant probationer must be brought before the court that imposed the sentence. Based on a formal declaration of delinquency, the probation violation procedure calls for a formal hearing at which the court may receive any relevant evidence that is not legally privileged. The probationer, entitled to appear with counsel, may cross-examine witnesses and may present evidence on his own behalf. The court’s finding, if it involves violation of a condition of the sentence, must be based upon a preponderance of the evidence. At the conclusion of the hearing, the court may revoke, continue or modify the sentence of probation and in the event of revocation, must impose a sentence as specified in the Penal Law. Although the hearing is termed a "summary one”, and the court may receive any *1034 "relevant evidence”, it still is necessary to have competent evidence to support a finding.
Clearly, the probation violation proceeding is a judicial one. The ruling that results is a judicial determination, an adjudication. CPL 50.10 (subd [1]) states that one who is a witness in a legal proceeding cannot be subjected to a penalty or forfeiture "for or on account of any transaction, matter or thing concerning which he gave evidence therein”.
A probationer’s liberty is seriously threatened by the possibility of his being held in violation. In principle, the question herein closely parallels that which was involved in Matter of Felden v Supreme Court (44 AD2d 1), where questions addressed to a Grand Jury witness placed him in jeopardy of an adverse determination in an altogether different proceeding. No finding of criminal contempt could result, said the court. That case, citing People v De Feo (308 NY 595) and People v Masiello (28 NY2d 287), held that where immunity conferred by a Grand Jury is incomplete, with the result that a witness is compelled to give testimony in violation of his fundamental right against self incrimination, no proceeding for contempt may be predicated thereon. As stated in People v Steuding (6 NY2d 214, 217) which also involved self incrimination of a Grand Jury witness, "[a]n automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he may give, but also from use of such evidence. And the right of protection thus accorded by the Constitution may not be taken away or cut down by statute.”
Was the defendant entitled to insist that he be brought before a Judge for an authoritative ruling before deciding whether he was free to testify? People v Einhorn (35 NY2d 948, 949), which happened to involve wiretapping, stated that "[t]he request during the Grand Jury proceeding by the witness that he be brought before the court must be respected and once there, the Presiding Justice may make appropriate inquiry whether the witness’ objection is sound.” This is a question of law. A witness may have a great deal at stake when called upon to answer questions under oath. It is reasonable to assume that the Legislature contemplated that any on-the-spot interpretations as to the scope of immunity should be within the province of the presiding Judge rather than the prosecutor or the Grand Jury itself.
CPL 190.40 says that "every witness in a grand jury pro *1035 ceeding must give any evidence legally requested of him”. In People v Lopez (91 Misc 2d 157), it was held that the determination of whether a question is legal and proper is one of law and reserved for the court. People v Ianniello (21 NY2d 418, 425) held that whenever a witness persists in his refusal to testify after consulting his attorney, this forces the prosecutor "to take the matter into open court for a ruling. By requiring the matter to be taken to the presiding Justice,” said the court, "the proceeding is expedited and the danger of stalling tactics reduced. The Judge can rule on questions of pertinency, after argument of counsel. He can determine whether a colorable claim of testimonial privilege is presented, and can inform the defendant of the extent of his immunity from prosecution for prior offenses. Where a witness persists in raising objections which are palpably not in good faith, the Judge may counsel him to desist from this course under the sanction of contempt proceedings.”
Mr. Moschelle, on advice of counsel, requested the right to go before a Judge to obtain an authoritative ruling on the scope of his immunity. The District Attorney, confronted with the prospect of delay, took it upon himself to exercise the judicial function. This he had no right to do. His action was in violation of the "legally requested” requirement of CPL 190.40. The order that was given to the defendant by the prosecutor and by the Grand Jury did not constitute a legal request. When the defendant refused to answer, he was acting within his right. His behavior did not constitute contumacious or unlawful conduct and may not be relied upon to support the charge of criminal contempt (People v Tramunti, 29 NY2d 28).
For all of the reasons stated above, and under the authority set forth in CPL 210.40 (subd 1) and People v Beige (41 NY2d 60), the indictment is dismissed for lack of legal sufficiency and in the interest of justice.