Burke, J.
 

 Relator was arrested on June 5, 1969 for a violation of parole. On June 24, 1969 he was returned to Sing Sing
 
 *417
 
 Prison, where, on July 29,1969, a parole revocation hearing was held. The hearing, which resulted in a revocation, was conducted, of course, without representation of relator by counsel.
 

 In his habeas corpus petition, relator alleged that he was not informed of the charges against him and that he was denied counsel and the opportunity to call witnesses. On the return of the writ, counsel appointed by Justice Galloway requested access to whatever records were relied on by the Parole Board to ascertain if the procedure complied with due process requirements. The court ordered the record of the revocation hearing, reviewed it without allowing relator’s attorney the opportunity of evaluating it and held that the relator’s allegation was untrue. He found further that relator was not denied due process.
 

 The issue here is whether our decision in
 
 People ex rel. Menechino
 
 v.
 
 Warden
 
 (27 N Y 2d 376) ought to be given retroactive application. We held there that a parolee is constitutionally entitled to counsel and to introduce testimony at parole revocation hearings. These constitutional imperatives are of sufficient magnitude (see, e.g.,
 
 Goldberg
 
 v.
 
 Kelly,
 
 397 U. S. 254) that the decision could be applied retroactively (see e.g.,
 
 McConnell
 
 v. Rhay, 393 U. S. 2;
 
 Arsenault
 
 v.
 
 Massachusetts,
 
 393 U. S. 5;
 
 Gideon
 
 v.
 
 Wainwright,
 
 372 U. S. 335). On the other hand, full retroactivity which indiscriminately would order a new hearing for thousands of prisoners affected would impose a purposeless and impossible burden on the parole board.
 

 Although, theoretically, it may be said that, inasmuch as habeas corpus was utilized to raise the question collaterally because other methods of review were unavailable (see
 
 Matter of Menechino
 
 v.
 
 Division of Parole,
 
 26 N Y 2d 837), the decision was, itself, a retrospective application of a constitutional doctrine (see
 
 Linkletter
 
 v.
 
 Walker,
 
 381 U. S. 618, 628, n. 13;
 
 Gideon
 
 v.
 
 Wainwright, supra),
 
 the question of retroactivity need not be decided on an all-or-nothing basis. Bather, in reaching our decision, we have examined the nature of a parole revocation hearing and the particular evils which our decision in
 
 Menechino (supra)
 
 was intended to rectify. We conclude that all the protection necessary may be afforded to prisoners by granting new parole hearings only to those who can demonstrate, with
 
 *418
 
 the aid of counsel in the Supreme Court, that the determination made at the revocation hearing failed to meet due process standards. Such a procedure in the Supreme Court assures to the prisoner a judicial decision that he had notice of the charges and an opportunity to dispute the facts alleged and develop his explanation or defense.
 

 Perhaps more important than a statement of what a parole revocation hearing is, is a recognition of what it is not. It is not a criminal trial. A parole revocation hearing is in the nature of an administrative proceeding
 
 (People ex rel. Menechino
 
 v.
 
 Warden, supra,
 
 p. 382) to determine whether a parolee has violated the conditions of his parole (Correction Law, § 212, subd. 7). Our holding in
 
 Menechino
 
 is designed to assure “ that the board is accurately informed of the facts before it acts ” (27 N T 2d, at p. 383). Thus, although the appointment of counsel is a
 
 sine qua non,
 
 we should be more concerned with the testing of the integrity of the fact-finding process. If the parole hearing record clearly demonstrates compliance with due process requirements, a new hearing should not be ordered. The conviction of another crime or an admitted and unexplained
 
 substantial
 
 violation of the conditions of parole is adequate, in and of itself, to support a revocation, and, in such cases, a new inquiry is hardly necessary. Similarly, if it appears that the violation was fully established and/or the explanation was false, the accuracy of the factual determination is unimpaired. On the other hand, unexplained
 
 technical
 
 violations in inadequately developed contested cases require remedial action.
 

 To this end the parolees who should be afforded a new hearing must, of necessity, be decided on a case-by-case basis, for the number of potential violations is myriad and the substantiality of any violation cannot be determined in the abstract. We have reviewed the record herein and conclude that the habeas corpus procedure, as applied by Justice Galloway, can best facilitate the resolution of challenges to prior revocations. Upon the return of the writ counsel will be assigned, as the court did in this case, and, unless confidential matters are involved, furnished with the relevant record of the revocation proceedings.
 

 Confidential material, such as the source of information, which' appears in the record need not be disclosed, but the substance of
 
 *419
 
 the charges must be placed on the record. Counsel must then be afforded the opportunity to inspect the remainder of the revocation record.
 

 After reviewing the record, the attorney shall acquaint the court with his or her view of the relevant facts and advance any suitable legal arguments which would warrant a new hearing. If the revocation determination be shown to be contestable, the court shall remit the case to the parole board for a new hearing.
 

 Applying the standards set forth above, we find that a remand to Special Term is necessary. The application alleges that petitioner was not informed of the reasons for Ms arrest and that he was not permitted to call witnesses. Although the lower court found without allowing counsel to examine the minutes, that the first assertion was untrue, it did not hear arguments by counsel based on counsel’s scrutiny of the record of the hearing.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remanded to Special Term for further proceedings consistent with this opinion.
 

 CMef Judge Fuld and Judges Bergan and Gtibsoh concur with Judge Burke; Judges Scileppi, Breitel and Jaseh concur on constraint of
 
 People ex rel. Menechino
 
 v.
 
 Warden
 
 (27 N Y 2d 376).
 

 Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.