THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING ELLINGTON, Appellant, v. JOHN L. ZELKER, as Superintendent of Green Haven Correctional Facility, et al., Respondents.— In a habeas corpus proceeding to contest the revocation of relator's parole, relator appeals from a judgment of the Supreme Court, Dutchess County, dated August 23, 1971, which dismissed the writ. Judgment affirmed, without costs. Relator is correct when he argues that he was entitled to counsel at his parole revocation hearing on March 24, 1971, since the hearing occurred after January 13, 1971, the date of the decision in *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376). No issue of retroactivity is here involved (cf. *People ex rel. Maggio* v. *Casscles,* 28 N Y 2d 415). However, the relator was charged, *inter alia,* with having been arrested for a crime while on parole. The record indicates that at the time of the hearing relator had been convicted and sentenced for that crime. This fact was not disputed by relator. As the Court of Appeals stated in *People ex rel. Maggio* v. *Casscles* (*supra,* p. 418), " The conviction of another crime * * * is adequate, in and of itself, to support a revocation, and, in such cases, a new inquiry is hardly necessary." Accordingly, any remand at this time to the Parole Board would be meaningless (*People ex rel. Sardo* v. *Zelker,* 38 A D 2d 569). Nor was it necessary, as relator contends, for the Parole Board to disclose the confidential reports upon which the parole violations were based (*People ex rel. Maggio* v. *Casscles, supra,* pp. 418–419). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.