William PRYOR, Plaintiff,

v.

Hon. Paul J. REGAN, Chairman of the New York State Board of Parole, Alfred E. Smith Building, Albany, New York, Defendant.

No. 72 Civ. 5029.

United States District Court,
S. D. New York.

June 22, 1973.

William Pryor, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for defendant; David H. Berman, Asst. Atty. Gen., of counsel.

LASKER, District Judge.

After a parole revocation hearing held on May 24, 1972, the New York State Board of Parole ordered that plaintiff, William Pryor, serve the approximately one and one-half remaining years of his sentence. Pryor seeks to have this period reduced by approximately one year, the period during which he was at liberty prior to his being arrested on new charges. He further seeks damages. Defendant, Chairman of the New York State Board of Parole, moves to dismiss the complaint for failure to state a claim upon which relief can be granted.[1]

Pryor was paroled on March 12, 1969, and was declared delinquent on April 1, 1970, for absconding from supervision as of December 3, 1969. He was subsequently arrested on three ocassions, August 1, November 16, and December 8, 1970. The Parole Board lodged a warrant against him on December 9, 1970. Pryor was sentenced on the new charges on March 29, 1972, and a parole hearing was scheduled for April 25, 1972, but was rescheduled to May 24th because Pryor was unavailable on the earlier date. After the hearing, the Board revoked parole adding one year, five months and eighteen days to his new term. This period represented the time between December 3, 1969, the date as of which he was declared delinquent, and May 21, 1971, the original maximum expiration date of his sentence.

Pryor alleges procedural deficiencies in his parole revocation hearing, in par-

---

1. Pryor moves for a hearing on the merits of his claim. Whether such a hearing is required depends in part on whether this action should proceed as a petition for habeas corpus after exhaustion of state remedies under Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). We have invited the parties to address themselves to this question and we deny the motion subject to renewal after a determination has been made on that point.

ticular, denial of representation by counsel and excessive delay in holding the hearing.

As to the first point, Pryor is clearly correct that under New York State law,[2] failure to inform him of his right to counsel constituted a deprivation of due process which mandates the holding of a new hearing. People ex rel. Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971). In fact, the Commissioner told him that he was not entitled to an attorney in flat contravention of applicable law. Whatever merit the Commissioner's proposed justification that a person who has been convicted of a new crime is not entitled to counsel at his revocation hearing may have under ordinary circumstances, it carries no weight here, since the majority of the time covered by the revocation preceded Pryor's arrest on new charges and was based on a delinquency other than conviction for a new offense, namely, absconding from supervision. Accordingly, Pryor would ordinarily be entitled to a new parole revocation hearing.

If this were the only relief to which Pryor were entitled, a motion to dismiss might be appropriate on the ground of mootness, because Pryor may have already been accorded this relief by court decision of January 31, 1973, in People ex rel. Pryor v. Schubin, in which the Supreme Court of Westchester County ordered that he be afforded a new hearing on the question whether parole was properly revoked for the time prior to his arrest. However, dismissal could not be had on the record before us since, although counsel for defendant has informally advised the court that the second hearing took place on March 28, 1973,

the record does not indicate whether Pryor was permitted the assistance of an attorney.

In any event, dismissal would be improper, since Pryor may be entitled as well to the more drastic relief which he requests, the setting aside of the revocation of his parole for the period prior to his incarceration on new charges, because of excessive delay in holding a revocation hearing.

■ Pryor's parole revocation was declared on April 1, 1970, retroactive to the charged act of delinquency of December 3, 1969. From the period December 3, 1969, to August 1, 1970, Pryor had not been arrested for or charged with any crime. Accordingly, revocation of parole for that period is based on Pryor's alleged absconding from supervision and not on the existence of criminal charges against him. Notwithstanding this fact, the Board followed its common procedure of awaiting the disposition of the subsequent criminal charges against Pryor before granting him a revocation hearing, with the result that the hearing occurred almost two and one-half years after the act of delinquency and one and a half years after the Board lodged a parole warrant against him. This procedure, although proper when the violation of parole is based solely on the new criminal charges (see Avellino v. United States, 330 F.2d 490 (2d Cir. 1964)), was error here, where the alleged delinquency antedated the criminal charges.

New York Correction Law § 218, repealed by section 44 of L.1970, c. 476, McKinney's Consol.Laws, c. 43, but still applicable here, because the sentence involved is for an offense committed prior to the effective date of the penal law,

2. The New York Court of Appeals concluded in People ex rel. Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971), that, after Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), parolees were entitled to representation of counsel at all revocation hearings. This approach to *Mempa* may require further examination in light of the Court's recent decision in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which held that, where indigent parolees are concerned, counsel need only be provided if the parole board deems it necessary in order to assure a fair hearing. At any rate, the rule enunciated in *Menechino* will continue to apply in New York unless and until the Court of Appeals modifies it.

states that the "board of parole shall, *as soon as practicable*, . . . consider the case of such parole violator [and] shall *within a reasonable time* act upon such charges." *Id* (emphasis added). Under the federal statute, which does not explicitly provide that a revocation hearing must be held within a reasonable time (18 U.S.C. § 4207), the Court of Appeals for this Circuit has held that 113 days constituted unreasonable delay. United States ex rel. Buono v. Kenton, 287 F.2d 534 (2d Cir. 1961). We find that the delay in Pryor's case was excessive and unreasonable.

It is far from clear, however, what remedy follows from such a finding. The approach in this Circuit to federal parole revocations is a flexible one in which each case is considered on its own facts. In *Buono*, the Court of Appeals said:

> "[T]he mere fact that the hearing was unreasonably delayed does not of itself render the hearing a nullity. If, after an unreasonable delay, a fair hearing is held which in all other respects satisfies the requirements of the statute, an adjudication that the prisoner has violated parole is entitled to stand." 287 F.2d at 536

Where, as here, the amount of delay is considerably longer than that found in *Buono* and ascertaining the existence of a violation entails adducing and evaluating facts which may no longer be available,[3] the equities would appear to favor the plaintiff. A final determination on this point must await further proceedings. However, the motion to dismiss must be denied, since, as we have indicated, the complaint does state a cause of action.

In the meantime, we invite the parties to address themselves to the question of what effect the recent decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed. 439 (1973) has on the·

case, specifically, whether exhaustion of state remedies is required and whether it has occurred.

The motion to dismiss is denied.

It is so ordered.

---

3. This is the type of case in which the Court of Appeals considers the importance of fact-finding to be paramount.

People ex rel. Maggio v. Casscles, 28 N.Y.2d 415, 322 N.Y.S.2d 668, 271 N.E. 2d 517 (1971).