William PRYOR, Plaintiff,

v.

Hon. Paul J. REGAN, Chairman of the New York State Board of Parole, Alfred E. Smith Building, Albany, New York, Defendant.

No. 72 Civ. 5029.

United States District Court,
S. D. New York.

Jan. 15, 1974.

William Pryor, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendant, David H. Berman, Asst. Atty. Gen.

## MEMORANDUM

LASKER, District Judge.

In our memorandum opinion of June 20, 1973, 360 F.Supp. 103, we invited the parties to address themselves to the question whether, in light of Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the instant proceeding, which was brought under the Civil Rights Act, should have been commenced by petition for a writ of habeas corpus. The defendant now moves for summary judgment on the ground that, under the rule of *Preiser*, the complaint is indeed essentially a petition for a writ and must therefore be dismissed for failure to exhaust state remedies. There is no question that if exhaustion is mandatory, dismissal must follow,

since Pryor has an unperfected appeal pending in the Appellate Division, Second Department, raising substantially the same questions as are presented here. Pryor crossmoves for summary judgment.

The problem posed by this case is both novel and difficult, and we have requested and received supplementary briefs from the parties to assist us in reaching a determination. The question before us is whether a prisoner who couples an attack on the length of confinement with a request for damages thereby avoids the applicability of *Preiser*.

*Preiser* established the principle that "a state prisoner's challenge to the fact or duration of his confinement" (411 U. S. at 489, 93 S.Ct. at 1836) must be brought by way of habeas corpus, rather than under § 1983, because "[i]t would wholly frustrate explicit congressional intent to hold that [they] could evade [the exhaustion] requirement by the simple expedient of putting a different label on their pleadings" (*id.*, at 489–490, 93 S.Ct. at 1836). However, the Court specifically limited its holding to cases in which damages were not sought. We quote the Court's discussion of the damages issue at length to illustrate the problems it creates:

> "But while conceding the availability in the New York courts of an opportunity for equitable relief, the respondents contend that confining state prisoners to federal habeas corpus, after first exhausting state remedies, could deprive those prisoners of any damages remedy to which they might be entitled for their mistreatment, since damages are not available in federal habeas corpus proceedings, and New York provides no damage remedy at all for state prisoners. In the respondents' view, if habeas corpus is the exclusive federal remedy for a state prisoner attacking his confinement, damages might never be obtained, at least where the State makes no provision for them. They argue that even if such a prisoner were to bring a subsequent federal civil rights action for damages, that action could be barred by principles of *res judicata* where the state courts had previously made an adverse determination of his underlying claim, even though a federal habeas court had later granted him relief on habeas corpus.

> The answer to this contention is that the respondents here sought no damages, but only equitable relief—restoration of their good-time credits—and our holding today is limited to that situation. If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. Cf. Ray v. Fritz, 468 F.2d 586 (CA2 1972)." *Id.* at 493–494, 93 S.Ct. at 1838.

It is clear from the quoted discussion that this case is not governed directly by *Preiser*. On the other hand, *Preiser* provides the framework within which we must operate and careful reflection has led us to conclude that the aims of that decision would best be served by following its directives under the circumstances presented here.

The *Preiser* decision is a striking reaffirmation of Congress' intent that the federal courts defer in the first instance all matters which are essentially habeas corpus to the state courts. This deference is designed to promote comity between the state and federal governments and a more efficient method of rectifying state judicial errors by allowing the state courts the opportunity to keep their own house in order. The latter goal takes on paramount importance in cases where questions of state law predominate. The

Court in *Preiser* laid down a strict rule that the exhaustion requirement is not to be easily subverted by pleading artifices.

 Turning to the instant case, we conclude that *Preiser* requires dismissal for failure to exhaust. We make this determination for two reasons. In the first place, as discussed in our earlier opinion, Pryor's challenge to his confinement involves primarily, if not uniquely interpretation of state law, particularly the applicability of People ex rel. Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971), and the requirements of former New York Correction Law § 218, McKinney's Consol.Laws, c. 43. A more appropriate case for initial deference to the state courts would be difficult to come by.

Second, the possibility that Pryor could recover damages is so slender on the face of the pleadings that it cannot warrant disregarding the *Preiser* approach. Pryor makes no claim of malice or bad faith on the part of defendant (*see* Hayes v. Cape Henlopen School District, 341 F.Supp. 823 (D.Del.1972)) or, in fact, that defendant was personally negligent (*see* Jennings v. Davis, 339 F.Supp. 919 (W.D.Mo.1972)). Further, Pryor has not yet suffered any damages since he is presently incarcerated on a separate charge and has not begun to serve the additional time resulting from his parole revocation.

We do not intimate any view of what approach would be appropriate after *Preiser* in a case involving a more convincing claim for damages. We hold only that a state prisoner challenging "the fact or duration of his confinement" cannot avoid the requirement of exhaustion merely by suing under § 1983 and appending a claim for damages. A different holding would "wholly frustrate explicit congressional in-

tent," as effectively as the approach rejected by the Supreme Court in *Preiser*.

A third alternative to dismissing or retaining the entire claim would be to dismiss the habeas claim and retain the damages claim. This would lead to litigation arising from a single factual matrix in two jurisdictions. In view of the insubstantiality of the damages claim, so inefficient a result is not justified.[1]

Defendant's motion to dismiss is granted. Plaintiff's motion for summary judgment is denied. Since we feel that our disposition of the case is not free from doubt, we certify probable cause and grant leave to appeal pursuant to 28 U.S.C. § 2253. Plaintiff is also granted leave to continue *in forma pauperis*.

It is so ordered.

---

1. We note that, unlike the state prisoners in *Preiser*, Pryor does have the power under state law to sue for damages, due to the recent revision of New York's Civil Death Law, Civil Rights Law § 79, McKinney's Consol.Laws, c. 6. Accordingly, judicial energy will be conserved if Pryor submits both his habeas and his money claims simultaneously to the state courts.