■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IBN ALLAH, Also Known as REGINALD BURKE, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—Judgment, Supreme Court, New York County, entered February 5, 1975, which sustained the writ of habeas corpus to the extent of vacating a parole detainer warrant lodged against the relator without prejudice to conducting a revocation hearing at a later date, affirmed. On January 24, 1972, the relator was sentenced to an indeterminate term of imprisonment not to exceed four years. On February 6, 1974, he was released on parole. On June 1, 1974, relator was arrested and indicted for robbery in the first degree and related crimes. He was placed in jail and, on June 6, 1974, a parole warrant was lodged against him. A preliminary parole revocation hearing was held at Riker's Island on June

25, 1974, at which hearing probable cause was found with regard to relator's violation of the conditions of his parole. A final revocation hearing was not held. Relator sued out a writ of habeas corpus alleging a deprivation of the right to due process of law. We have recently held that where the alleged parole violator himself requests a prompt hearing, it is no answer to state that it would be in his best interest to await the disposition of pending criminal charges prior to conduct of the final parole hearing *(People ex rel. Allah v Warden,* 47 AD2d 485), especially when the violations may be of a technical nature and the delay renders their refutation all the more difficult. It was accordingly quite appropriate, under the circumstances, for the hearing court to sustain the writ. Concur—Murphy, Tilzer and Lane, JJ.; Kupferman, J. P., and Capozzoli, J., dissent in the following memorandum by Capozzoli, J.: I cannot agree with the court below, that the "delay of five months in holding the Parole Board hearing, while keeping a warrant filed against the defendant, is unfair and an improper practice and derrogation of the defendant's due process rights". Nothing in *Morrissey v Brewer* (408 US 471), relied upon by petitioner, mandates that a parolee who is detained on new criminal charges be given a final revocation hearing prior to the disposition of those charges. On January 24, 1972 petitioner was sentenced to a 4½ year indeterminate sentence for possession of a weapon. He was paroled on February 6, 1974. He was declared delinquent on August 14, 1974 for violating the conditions of his parole. On April 3, 1974 he was arrested and charged with possession of stolen property. On June 1, 1974 he was arrested again and this time he was charged with robbery and criminal possession of a pistol and shotgun. A parole violation warrant was filed a few days later. A preliminary hearing was held on June 25, 1974 and probable cause to detain for a final revocation hearing was found to exist. Bail was set at $1 on the pending criminal charges and while same was posted, notification thereof never reached Rikers Island where petitioner was being detained. On November 1, 1974 petitioner instituted this habeas corpus proceeding claiming that he had been denied his right to a prompt revocation hearing. It is on this record that the court concluded that petitioner had been denied due process. The five-month delay involved herein, alone, is not dispositive of the question of whether petitioner's right to a prompt final revocation hearing has been violated. Petitioner can show nothing which would tend to indicate that his rights have been prejudiced. "No mechanical test is dispositive * * * whether there has been a deprivation of the right to a revocation hearing within a reasonable time depends upon all of the circumstances of the case. A long delay in and of itself is but one element * * * to be considered." *(United States ex rel. Obler v Kenton,* 262 F Supp 205, 209.) The parole board's policy, which was followed in this matter, of not going forward with a final revocation hearing until the disposition of new charges filed against a parolee has case law support. *(Burdette v Nock,* 480 F2d 1010; *Pryor v Regan,* 360 F Supp 103; *Avellino v United States,* 330 F2d 490.) In the last-cited case the court held (p 491), as follows: "The Parole Board waited until all the criminal charges filed against Avellino and arising from the September 24, 1960 accident were finally adjudicated. This is in accordance with the practice of the Parole Board where criminal charges are pending against the parolee in a state court. * * * it would seem to be a sensible deference to the state's prosecution of the charges to await the outcome of those proceedings. This enables the state prosecution to proceed with a minimum of interference and delay. Thus, the Parole Board has the benefit of further information which may derive from the state court proceedings". While it is true that the quoted

language speaks of criminal charges pending in a State court as against violation of parole in Federal court, the reasoning employed is equally applicable to the situation presented in the case at bar. Accordingly, I dissent and vote to reverse the judgment appealed from and to reinstate the parole detainer warrant.