OPINION OF THE COURT
Seymour Rotker, J.
In this habeas corpus proceeding, petitioner seeks to be released on the grounds that Executive Law § 259-i (3) (d) (iii) was applied to him in violation of the ex post facto prohibition, and on the basis that the statute itself violates his right to due process under the Federal Constitution.
Petitioner was convicted of attempted manslaughter in the second degree. He was released to parole supervision on March 13, 1984. On October 30, 1984, a parole violation warrant was issued against petitioner with a recommended delinquency date of October 17, 1984. The warrant was executed upon petitioner on January 24, 1985 at which time petitioner waived his right to a preliminary hearing. On May 8, 1985, prior to a final parole revocation hearing, petitioner was convicted of grand larceny and attempted grand larceny. He was sentenced by the Supreme Court, Nassau County, on June 26,1985 to a term of 2 to 4 years’ imprisonment.
In that petitioner had been convicted and sentenced for felonies committed while under his present parole, respondents notified petitioner that no final parole revocation hear *34 ing would be held. Rather, pursuant to Executive Law § 259-i (3) (d) (iii), his parole would be revoked by operation of law.
There is no merit to petitioner’s contention that section 259-i (3) (d) (iii) was applied to him as an ex post facto law. Said amendment to the Executive Law took effect on June 19, 1984, prior to the proposed delinquency date in this matter, and prior to the issuance of the parole violation warrant. Petitioner has misconstrued the operable dates set forth in the statute.
Petitioner further maintains that a parolee convicted and sentenced for a felony committed while on parole is constitutionally entitled to a final parole revocation hearing before his parole may be revoked and that the elimination of said hearing pursuant to the recent amendment to Executive Law § 259-i violates his right to due process. Said amendment provides in pertinent part: "[W]hen a parolee or conditional releasee has been convicted of a new felony committed while under his present parole or conditional release supervision and a new indeterminate sentence has been imposed, the board’s rules shall provide for a final declaration of delinquency. The inmate shall be notified in writing that his release has been revoked on the basis of the new conviction and a copy of the commitment shall accompany said notification. The inmate’s next appearance before the board shall be governed by the legal requirements of said new indeterminate sentence, or shall occur as soon after a final reversal of the conviction as is practicable.”
In passing upon an act of the Legislature, the courts are constrained by the strong presumption that the statute under review is constitutional (People v Pagnotta, 25 NY2d 333; see, McKinney’s Cons Laws of NY, Book 1, Statutes § 150). The invalidity of the law must be demonstrated beyond a reasonable doubt (Matter of Van Berkel v Power, 16 NY2d 37), and only as a last resort may the statute be stricken (see, People v Davis, 43 NY2d 17; People v Nieves, 36 NY2d 396). Furthermore, courts of original jurisdiction shall not exercise the transcendent power of declaring an act of the Legislature unconstitutional unless that conclusion is “inescapable” (Matter of Van Berkel v Power, supra). In that the Legislature has had the opportunity to investigate and study the need for the legislation and has found circumstances warranting its enactment, a heavy burden rests on one attacking the statute to demonstrate that the legislators, as the elected representatives of the people, have exceeded their constitutional powers *35 (see, Gregg v Georgia, 428 US 153; People v Whidden, 51 NY2d 457; People v Scott, 26 NY2d 286). With these principles in mind, the court now turns to petitioner’s contention that Executive Law § 259-i (3) (d) (iii) is unconstitutional.
The Supreme Court in Morrissey v Brewer (408 US 471) held that due process requires a hearing, prior to the final revocation of parole in order to afford the parolee an opportunity to show that he did not violate the conditions of his parole or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.
However, in the case where a parolee has been convicted of a crime committed while on parole, there is no question that he violated the conditions of his parole (Morrissey v Brewer, supra, p 490). Nor, under New York law, is there any question as to whether circumstances in mitigation of the new felony conviction might warrant vacatur of the parole warrant.
A . parolee, convicted of a new felony committed while he was released on parole and serving an indeterminate sentence as a result of that new felony conviction, shall have his parole revoked as a matter of law. Thus, no prejudice results from the elimination of a final hearing in that there would be no purpose to that hearing. The court-imposed minimum sentence must control the reappearance of the inmate rather than any possible decision by the Board of Parole concerning the violation of his parole supervision which was, in fact, the new felonious act. Nor could the Board affect the running of the inmate’s sentence in that Penal Law § 70.25 (2-a) requires the imposition of a consecutive sentence upon the conviction of a person under parole supervision for a crime committed while under that supervision.
The case of United States ex rel. Hahn v Revis (520 F2d 632) relied upon by petitioner is inapposite. The court held in Revis that a Federal parolee incarcerated for new offenses was entitled to a hearing prior to the final revocation of his parole. However, the decision in Revis was based upon Federal statute whereby the Board of Parole retained discretion to determine revocation even in those cases where a parolee had been convicted of a crime committed while on parole. It was within the Board’s discretion to either set aside the violation warrant or execute it, giving the parolee the benefit of concurrent sentences. Moreover, the subsequent Supreme Court case of Moody v Daggett (429 US 78) limited cases such as Revis by holding that a Federal parolee, imprisoned for a crime while *36 on parole, is not entitled to an immediate parole revocation hearing on a parole violation warrant issued as a detainer since the same parole commission which will consider the prisoner’s parole under the intervening conviction will decide whether to revoke the parole granted upon the earlier conviction. The statutory hearing to which the prisoner will be entitled upon his application for release on parole under the intervening conviction will give him the same opportunity to persuade the commission that he should be released from Federal custody (supra, p 88).
In contrast to the statutory procedure analyzed by the court in Revis (supra), New York law removes all discretion from the Board of Parole in determining revocation at this juncture. Rather, parole is revoked by operation of law. Moreover, the parole violator must be held at least for the minimum of his new sentence before he can be afforded release consideration. An appearance before the Parole Board will be afforded according to the requirements of the new indeterminate sentence at which time he may attempt to persuade the Board that he should be released from custody.
Petitioner has failed to show in what manner a final hearing, under the circumstances presented here, would be anything more than a vacuous act. Nor has petitioner Sustained his burden by demonstrating that the statute is clearly unconstitutional. (See, Matter of Van Berkel v Power, 16 NY2d 37, supra.)
In accordance with the foregoing, the petition and writ are hereby dismissed and petitioner is remanded to the custody of respondents.