OPINION OF THE COURT
S. Barrett Hickman, J.
In this CPLR article 78 proceeding, petitioner, presently an *496 inmate at the Clinton Correctional Facility, claims that the revocation of his parole pursuant to Executive Law § 259-i (3) (d) (iii) violated his due process rights under the NY Constitution.
On May 13, 1981, petitioner was released to parole supervision from the Taconic Correctional Facility. He was thereafter arrested, on August 28, 1984, on charges of assault in the first degree and criminal possession of a weapon in the fourth degree. After being released on his own recognizance, a parole violation warrant was issued against petitioner on September 7, 1984, and executed shortly thereafter. On September 28, 1984, he was declared delinquent as of August 28, 1984. Subsequent to a preliminary parole revocation hearing, at which probable cause was found, petitioner pleaded guilty, on January 28, 1985, to attempted assault in the second degree in connection with the August 28 charges, and admitted his status as a predicate felon. He was sentenced on March 1, 1985, to an indeterminate prison term of 1 Vi to 3 years, to run consecutive to any previously imposed sentence that needed to be served. On March 28, 1985, without a final parole revocation hearing, a final declaration of delinquency against petitioner was recommended based on his new indeterminate sentence and the provisions of Executive Law § 259-i (3) (d) (iii).
In the well-reasoned opinion of People ex rel. Conyers v New York State Div. of Parole (130 Misc 2d 33), Judge Seymour Rotker recently upheld the validity of section 259-i (3) (d) (iii) under the Federal Constitution. The court concurs with Judge Rotker’s reasoning and extends it to the present situation, finding no merit to petitioner’s claim that his due process rights under the NY Constitution have been violated.
Under review is a recent amendment to Executive Law § 259-i (3) (d) (L 1984, ch 238, eff June 19, 1984) which provides in pertinent part: "when a parolee or conditional releasee has been convicted of a new felony committed while under his present parole or conditional release supervision and a new indeterminate sentence has been imposed, the board’s rules shall provide for a final declaration of delinquency. The inmate shall then be notified in writing that his release has been revoked on the basis of the new conviction and a copy of the commitment shall accompany said notification. The inmate’s next appearance before the board shall be governed by the legal requirements of said new indeterminate sentence, or *497 shall occur as soon after a final reversal of the conviction as is practicable.”
This amendment, having been duly enacted by the Legislature, carries with it a strong presumption of constitutionality and may only be stricken by the courts if shown to be invalid beyond a reasonable doubt (see, People v Pagnotta, 25 NY2d 333; People ex rel. Conyers v New York State Div. of Parole, supra). Petitioner has not met this burden.
The basic purpose of a final revocation hearing is to allow the parolee an opportunity to show, if possible, either that he did not violate any condition of his parole or that, if he did, such violation does not warrant revocation (see, Morrissey v Brewer, 408 US 471; People ex rel. Maggio v Casscles, 28 NY2d 415). However, in a situation such as the present one, where the parolee has been convicted of a felony while on parole and sentenced to a new indeterminate prison term, parole revocation follows as a matter of law (People ex rel. Conyers v New York State Div. of Parole, supra) and a final revocation hearing would serve no purpose (cf. Morrissey v Brewer, supra, at p 490; People ex rel. Maggio v Casscles, supra, at p 418; People ex rel. Ellington v Zelker, 39 AD2d 757). The Parole Board, usually vested with some measure of discretion, has none in this limited context, and requiring a final revocation hearing would simply impose a time-consuming financial and unnecessary burden upon the system.
Furthermore, the court imposed minimum must control the reappearance of the inmate rather than any possible decision by the Board concerning the violation of his parole supervision, and Penal Law § 70.25 (2-a) requires the imposition of a consecutive sentence upon the conviction of a person under parole supervision who has had an indeterminate sentence imposed upon him.
Petitioner argues that, by virtue of an independent construction of the NY Constitution, his due process rights in this State extend beyond those afforded by the Federal Constitution and guarantee him a final revocation hearing even though incarcerated on a new conviction. A close reading of petitioner’s cited cases leads this court to conclude that they do not support his position. The holdings in those cases are based, either implicitly or explicitly, on the presumption that the Parole Board had a right to exercise some discretion, either by a specific statutory provision, the nature of the parole condition allegedly violated, or a combination of other *498 factors, in the parole revocation matter (see, e.g., People ex rel. Donohoe v Montanye, 35 NY2d 221 [dealing with the right to counsel in final parole revocation hearings]). That presumption does not exist under the narrow situation presented here, where there is no discretion.
Petitioner has failed to convince this court that Executive Law § 259-i (3) (d) (iii) is unconstitutional (People v Pagnotta, supra).
Accordingly, the petition is dismissed.