■ In the Matter of CHARLES PIERRE, Appellant, v RAMON J. RODRIGUEZ, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Parole revoking the petitioner's parole under Executive Law § 259-i, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered August 13, 1986, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner was released to parole supervision on November 9, 1983, while serving sentences totaling four years and eight months. In January 1984 he absconded from parole supervision, and in March 1984 a parole violation warrant was issued against him. Thereafter, on May 20, 1985, the

petitioner was arrested for committing a new crime, and the parole violation warrant was lodged against him. He pleaded guilty to criminal possession of stolen property in the second degree, a class E felony, and on July 9, 1985, sentence was imposed by the Supreme Court, Kings County, to a further indeterminate term of imprisonment of from 1½ to 3 years on this new felony conviction. A final declaration of delinquency, dated February 28, 1986, was issued declaring that his parole was revoked as a result of his May 20, 1985 arrest and conviction and on March 13, 1986 the petitioner acknowledged receipt of a notice concerning the revocation of his parole.

Although the petitioner contends that his parole was improperly revoked without a prior final parole revocation hearing, under Executive Law § 259-i (3) (d) and (c) (iii) (as amended by L 1984, ch 238) a parolee who has been convicted of a new felony and sentenced to a new indeterminate term of imprisonment while under parole supervision is not entitled to a final revocation hearing. Rather, the parole is revoked by operation of law and not as a result of the discretionary authority of the Parole Board (see, Matter of O'Quinn v New York State Bd. of Parole, 132 Misc 2d 92; People ex rel. Conyers v New York State Div. of Parole, 130 Misc 2d 33).

We find no merit to the petitioner's remaining contentions. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.