■ The People of the State of New York ex rel. Vernon Roper, Appellant, v Joseph Kennedy, as Superintendent of Mt. McGregor Correctional Facility, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Ford, J.), entered April 6, 1987 in Saratoga County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner contends that the Parole Board's use against him of clause (iii) of Executive Law § 259-i (3) (d), which became effective June 19, 1984 and provides for the automatic revocation of parole where a parolee is convicted of a new felony, was in violation of the ex post facto prohibition of the US Constitution (US Const, art I, § 10, cl 1). Specifically, petitioner argues that he should have been afforded a final parole revocation hearing before his parole was revoked. In order for a criminal or penal statute to be ex post facto, it must be both retrospective and it must disadvantage the offender affected by it *(Weaver v Graham,* 450 US 24, 29; *Matter of Ristau v Hammock,* 103 AD2d 944, 945, *lv denied* 63 NY2d 608).

While it is not clear whether the constitutional proscription against ex post facto laws applies to the administration of parole *(see, Portley v Grossman,* 444 US 1311, 1312; *Di Napoli v Northeast Regional Parole Commn.,* 764 F2d 143, 146, *cert denied* 474 US 1020), we find that, in any event, petitioner has failed to establish that he was disadvantaged by the change in the law. It is uncontested that shortly after his release on parole, petitioner was arrested and charged with two felonies. His later plea of guilty to the commission of two felonies established that he had clearly violated the terms of his parole. A parolee's conviction of a crime while on parole is sufficient, in and of itself, to support a revocation of parole and a new inquiry is hardly necessary *(see, People ex rel. Maggio v Casscles,* 28 NY2d 415, 418; *People ex rel. Ellington v Zelker,* 39 AD2d 757, *lv denied* 30 NY2d 488; *People ex rel. Sardo v Zelker,* 38 AD2d 569). Thus, even assuming that the law was applied retrospectively to petitioner, it did not disadvantage him. Hence, the writ of habeas corpus was properly dismissed.

Petitioner's remaining contentions have been considered and found unpersuasive.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.