■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILBUR HARRIS, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered December 21, 1987, which dismissed the writ.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was released to parole supervision on August 24, 1982, while serving a sentence of an indeterminate term of from 5 to 15 years' imprisonment pursuant to his conviction in New York of burglary in the second degree. In October 1983 he was granted a travel pass and was allowed to travel from New York to California under the Interstate Parole Compact. On July 10, 1985, he violated rule No. 8 of his certificate of release when he committed the crime of rape by force in California. He was thereafter sentenced in the Superior Court of California, County of San Mateo, to a term of three years' imprisonment. On February 24, 1987, the New York State Division of Parole issued a final declaration of delinquency against the petitioner who was returned to this State on or about April 25, 1987.

The petitioner's contention that the Division of Parole violated his right to receive a final parole revocation hearing within 90 days of his return to New York is without merit. "A parolee's conviction of a crime while on parole is sufficient, in and of itself, to support a revocation of parole and a new inquiry is hardly necessary" (People ex rel. Roper v Kennedy, 135 AD2d 924). Under the circumstances of this case, "requiring a final revocation hearing would simply impose a time-consuming financial and unnecessary burden upon the system" (Matter of Cohen v New York State Bd. of Parole, 131 Misc 2d 495, 497). Accordingly, the Supreme Court did not err in this case in concluding that no final hearing was required inasmuch as parole was revoked by operation of law (Executive Law § 259-i [3] [d] [iii]). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.