Chris G. ALEVRAS, Petitioner,

v.

E. Calvin NEUBERT, Administrator Bayside State Prison, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 89 Civ. 4506(LLS).

United States District Court, S.D. New York.

Jan. 9, 1990.

Chris G. Alevras, Bayside State Prison, Leesburg, N.J., pro se.

Tyrone Mark Powell, Asst. Atty. Gen., New York State Dept. of Law, New York City, for respondents.

## OPINION and ORDER

STANTON, District Judge.

Petitioner by letter to the court dated January 5, 1990 complains of delays in the processing of his habeas corpus petition and requests an order directing respondents to answer the petition by February 21, 1990. Respondents have applied for, and received, two extensions of time to respond to the petition.

Petitioner's letter has prompted a review of the underlying petition. He was convicted in New York of grand larceny and forgery on March 30, 1979. He was released on parole on June 8, 1982. In September 1984, while on parole, petitioner was convicted of a felony after a jury trial in New Jersey. As a result of his conviction, the New York State Parole Board in November 1984 issued a warrant for retaking and detaining him. The warrant was filed as a detainer with the State of New Jersey. In 1985 petitioner pleaded guilty and was convicted in New Jersey on other felony charges, and was ultimately sentenced to a five to thirteen year prison term for all of the New Jersey crimes.

At the time of petitioner's parole, N.Y. Exec. Law § 259–i provided for preliminary and final parole revocation hearings for a parolee convicted of a felony offense while on parole. However, amendments enacted in 1984 abolished those hearings. Accordingly, petitioner did not receive a preliminary parole revocation hearing, and will not receive one upon the execution of the warrant providing for his return to New York. N.Y. Exec. Law § 259–i(3)(c)(i) & (d) (McKinney's 1990 Supp.). He claims that the amendments abolishing the parole revocation hearings violate his constitutional right to due process, and the *ex post facto* and contract clauses of the Constitution.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that the requirements of due process apply to parole revocations. *Id.* at 482, 92 S.Ct. at 2600–01. With respect to the nature of the process that is due, the Court set forth two requirements. First, there must be a preliminary hearing "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485, 92 S.Ct. at 2602, citing *Goldberg v. Kelly*, 397 U.S. 254, 267–271, 90 S.Ct. 1011, 1020–22, 25 L.Ed.2d 287 (1970). Second, there must be a revocation hearing, if desired by the parolee, that "lead[s] to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant

revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* 408 U.S. at 488, 92 S.Ct. at 2603–04.

Those requirements were set forth in the context of parolees suffering revocation based on charges made by their parole officers, and theretofore not established as true by any court or administrative body. In *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the Court stated that *Morrissey* did not consider the hearing requirements of "a revocation proceeding in which the factfinder was required by law to order incarceration upon finding that the defendant had violated a condition of ... parole." *Id.* at 612, 105 S.Ct. at 2258. "Thus, the Court's discussion of the importance of the informed exercise of discretion did not amount to a holding that the factfinder in a revocation proceeding must, as a matter of due process, be granted discretion to continue ... parole." *Ibid.*

In this case, the requirements of establishing probable cause and then an actual violation of parole have been satisfied by petitioner's convictions. The requirement that petitioner have an opportunity to show "that circumstances in mitigation suggest that the violation does not warrant revocation", *Morrissey*, 408 U.S. at 488, 92 S.Ct. at 2603, has been made unnecessary by the New York State Legislature's determination that revocation should be automatic when the parolee is convicted of a felony while on conditional release.

There is nothing constitutionally improper in the Legislature's determination. "The conviction of another crime ... is adequate, in and of itself, to support a revocation, and, in such cases, a new inquiry is hardly necessary." *People ex rel. Maggio v. Casscles*, 28 N.Y.2d 415, 418, 322 N.Y.S.2d 668, 671, 271 N.E.2d 517, 519 (1971).

Accordingly, the New York State courts have sustained the amendments to section

259 against arguments similar to the ones made by petitioner here. *See People v. Sullivan,* 144 A.D.2d 605, 534 N.Y.S.2d 442 (1988); *People ex rel. Roper v. Kennedy,* 135 A.D.2d 924, 522 N.Y.S.2d 320 (1987); *O'Quinn v. New York State Board of Parole,* 132 Misc.2d 92, 503 N.Y.S.2d 483, 485 (Sup.Ct.1986); *Cohen v. New York State Board of Parole,* 131 Misc.2d 495, 500 N.Y. S.2d 944 (Sup.Ct.1986); *People ex rel. Conyers v. New York State Division of Parole,* 130 Misc.2d 33, 494 N.Y.S.2d 818 (Sup.Ct.1985); *see also Pickens v. Butler,* 814 F.2d 237, 239 (5th Cir.1987) (*"Morrissey* did not hold that a state is prohibited from declaring that parole will be automatically revoked for serious violations such as conviction of a felony.")

Because petitioner is not constitutionally entitled to either a preliminary or final parole revocation hearing upon his conviction of a felony while on conditional release, his petition is without merit.

Accordingly, the Clerk of the Court is directed to dismiss the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.