■ In the Matter of ALBERT GRIFFIN, Appellant, v RAMON J. RODRIGUEZ, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated November 28, 1989, which, after a hearing, found there was probable cause to believe that the petitioner had violated the conditions of his parole, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated January 22, 1990, which dismissed the petition.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

After holding a preliminary parole revocation hearing, the Hearing Officer determined that there was probable cause to believe that the petitioner had violated the conditions of his release and set the matter down for a final parole revocation hearing. The petitioner now challenges the probable cause determination. However, before a final hearing could be held, the petitioner was convicted of an unrelated felony which he committed while on parole. Consequently, his parole was automatically revoked without a hearing by operation of law *(see,* Executive Law § 259-i [3] [d] [iii]; *Matter of Pierre v Rodriguez,* 131 AD2d 763), and the Division of Parole issued a final declaration of delinquency pursuant to that conviction.

It is well settled that "an appeal will be considered academic, if the rights of the parties will not be directly affected by the determination of the appeal" *(Matter of Echols v Lord,* 180 AD2d 682; *see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707).* In view of the petitioner's felony conviction and the statutory revocation of his parole, it is clear that any determination of this appeal would have no impact on the rights or respective positions of the parties. Hence, the appeal has been rendered academic by reason of the revocation of the petitioner's parole on a ground unrelated to the probable cause determination which he currently challenges. Moreover, this case presents no facts which would warrant the resolution of this appeal as an exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). Accordingly, the appeal is dismissed as academic. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.