■ In the Matter of BEAKLEY MADLOCK, Petitioner, v RAUL RUSSI, as Chairman of the New York State Division of Parole, Respondent. [600 NYS2d 283] —Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a decision of the New York State Division of Parole which revoked petitioner's parole.

In January 1991 petitioner, on parole from a State correctional facility while serving a sentence of 4 to 8 years for a conviction of robbery in the second degree, received a notice of parole violation. The notice contained 10 charges, all arising out of his alleged conduct on January 8, 1991 consisting of shoplifting meat from a supermarket in the City of Buffalo, breaking two glass doors at the market in evading apprehension by a store security officer, and resisting police efforts to arrest and transport him to police headquarters for booking. Several of the charges related to his failure to notify his parole officer of his arrest and his failure to appear for scheduled appointments due to his incarceration.

At petitioner's final revocation hearing at which he was represented by counsel, testimony was given by the store security officer, the police officers who apprehended him and his parole officer. Petitioner testified on his own behalf. At the conclusion of the hearing, the Hearing Officer sustained all 10 charges. The Hearing Officer recommended that petitioner be held for 24 months without reconsideration for further parole. On administrative appeal, charge No. 6, relating to his conduct at police headquarters, and charge Nos. 9 and 10, relating to his failure to appear for appointments during his incarceration, were dismissed. However, the Hearing Officer's recommendation on parole revocation and 24 months of ineligibility for reparole were sustained on the basis of petitioner's guilt of the remaining charges.

On review, petitioner contends that charge Nos. 6 through 10 were not supported by substantial evidence, that the Hearing Officer refused to consider petitioner's explanation for charge Nos. 1 through 3, that the penalty was excessive, and

that the Division of Parole was responsible for his conduct because it was alcohol induced and no provision was made for treating his known alcoholism when he was released on parole. None of these contentions are persuasive.

As to those charges petitioner contends were not supported by substantial evidence, we note that charge Nos. 6, 9 and 10 have already been dismissed on administrative appeal. Charge No. 7 was supported by testimony of the Buffalo police officers concerning petitioner's conduct after being taken into custody. Charge No. 8 (failing to advise his parole officer of his arrest by the police) was covered in the testimony of petitioner's parole officer. Thus, these charges were indeed supported by substantial evidence.

Petitioner's explanation of charge Nos. 1 through 3 was entirely exculpatory of his alleged conduct at the supermarket in stealing meat and destroying property while fleeing from apprehension. The Hearing Officer made specific findings of defendant's criminal conduct underlying these charges, thus implicitly rejecting petitioner's explanation. Petitioner's explanation was bizarre and conclusively refuted by other evidence. Thus, it was well within the Hearing Officer's province to disregard petitioner's version as incredible *(see, Matter of Collins v Codd,* 38 NY2d 269, 271).

We likewise find no abuse of discretion in the determination to rule petitioner ineligible for parole review for 24 months. In view of petitioner's conduct constituting multiple criminal offenses, some of which entailed violence on his part, we do not find the penalty shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Finally, the record belies petitioner's claim that the Division of Parole disregarded his need for treatment of his alcoholism upon his release. In any event, the Hearing Officer specifically found that petitioner's conduct was not the result of the alcohol he imbibed on the day of the incident, a determination also supported by substantial evidence.

Yesawich Jr., J. P., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.