■ In the Matter of JOSEPH MELENDEZ, Petitioner, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [639 NYS2d 172] —White, J.

Petitioner was convicted in 1973 of second degree murder and sentenced to a term of 20 years to life imprisonment. He was released on parole in July 1992. In August 1993, petitioner's cousin, with whom petitioner had been living, reported to the police that petitioner had sexually assaulted her 3$\frac{1}{2}$-year-old son and that he had a gun. At the time of his arrest on a parole warrant, police found a .45-caliber handgun in petitioner's possession, and he subsequently pleaded guilty to the crime of fourth degree criminal possession of a weapon and was sentenced to time served.

Petitioner was charged with three parole violations arising out of this arrest and conviction and at the parole revocation hearing that followed on September 20, 1993, respondent State

Division of Parole introduced the certificate of conviction relating to petitioner's conviction of fourth degree criminal possession of a weapon. Petitioner was found guilty of parole violation based on said conviction and received a recommended penalty of nine months' reincarceration. This penalty was increased to a term of four years' reincarceration by a Division Commissioner, a decision subsequently affirmed by respondent State Board of Parole.

Petitioner then commenced this CPLR article 78 proceeding based on his contention that the determination revoking his parole was not based on substantial evidence in that the only proof submitted to show that he had been convicted of a crime while on parole was the certificate of conviction relating to his August 1993 conviction of criminal possession of a weapon. This contention is without merit. Proof in the form of a certificate of conviction showing that an individual has been convicted of another crime while on parole is sufficient to support a determination revoking parole (*see, Matter of Kirk v Hammock*, 119 AD2d 851, 853; *see also, People ex rel. Maggio v Casscles*, 28 NY2d 415, 418; *Matter of Justiano v New York State Bd. of Parole*, 189 AD2d 566). This is true even if the conviction in question arises out of a guilty plea (*see, People ex rel. Roper v Kennedy*, 135 AD2d 924).

We also reject petitioner's contention that the determination sentencing him to four years' reincarceration constituted an abuse of discretion. Given petitioner's record of prior convictions of violent crimes, including murder, together with the nature of his most recent conviction, possession of a handgun, we find the sentence imposed to be appropriate (*see, Matter of Madlock v Russi*, 195 AD2d 646, 647; *see also, Matter of Richardson v New York State Executive Dept.*, 197 AD2d 731, 732).

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.