■ In the Matter of CHARLES BENNETT, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents. [674 NYS2d 797] —White, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 21, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

After being released on parole supervision on April 16, 1987, petitioner was arrested on July 2, 1987. Next, on July 7, 1987, he received a notice of parole violation for failure to report and waived his right to a preliminary parole violation hearing. After petitioner refused to attend several scheduled final revocation hearings, one was held *in absentia* on November 10, 1987 that resulted in a decision by the Parole Board on December 21, 1987 revoking petitioner's parole. Subsequently, defendant was convicted of several felony offenses and sentenced on March 1, 1989 to an indeterminate prison sentence of 7½ to 15 years.

Petitioner commenced this CPLR article 78 proceeding seeking to annul the December 1987 parole revocation determination on the ground that he was denied due process because he was never provided with notice of the Board's determination. Supreme Court dismissed the petition, prompting this appeal.

We affirm on a different ground than that expressed by Supreme Court. Petitioner's parole was automatically revoked in March 1989 without a hearing by operation of law upon his new felony conviction and indeterminate sentence (*see*, Executive Law § 259-i [3] [d] [iii]; *see also, People ex rel. Harris v Sullivan*, 74 NY2d 305, 308; *People ex rel. Ward v Russi*, 219 AD2d 862, *lv denied* 87 NY2d 803; *Matter of Bonilla v Russi*, 210 AD2d 828). Therefore, since this revocation superseded the one made in December 1987, any determination of this proceeding by Supreme Court would not have had any impact on the rights or respective positions of the parties and the petition should have been dismissed as moot (*see, Matter of Griffin v Rodriguez*, 187 AD2d 591).

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.