◾ In the Matter of GEORGE WARD, Appellant, v GLENN S. GOORD, as Commissioner, New York State Department of Correctional Services, et al., Respondents. [708 NYS2d 508] —Peters, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 22, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

In 1964, petitioner was convicted of murder in the second degree and sentenced to an indeterminate term of 40 years to life in prison. The sentence was later modified by operation of law to a prison term of 8⅓ years to life. Thereafter, while on parole in 1990, petitioner was arrested and charged with two counts of sodomy in the first degree. Petitioner ultimately pleaded guilty to the aforementioned charges in May 1993, and was sentenced to two prison terms of 6 to 18 years, the sentences to run concurrently with each other and with the undischarged 1964 sentence.

Petitioner subsequently commenced this CPLR article 78 proceeding challenging respondents' alleged failure to provide him with full Board of Parole review of his parole violation as required by Correction Law § 218, which was repealed in 1970 but remains applicable in cases where the sentence involved is for an offense committed prior to September 1, 1967. Supreme

Court dismissed the petition for failure to state a cause of action and this appeal ensued.

We affirm. Correction Law § 218 permits a parolee suspected of having violated his parole to appear before the Board and explain the charges against him so that the Board may act upon such charges and determine the manner in which the undischarged maximum sentence will be served. Here, petitioner is not merely charged with a parole violation, but, rather, his parole was automatically revoked in May 1993 by operation of law upon his new felony convictions and the imposition of indeterminate sentences (*see,* Executive Law § 259-i [3] [d] [iii]; *Matter of Bennett v Kelly,* 251 AD2d 776, *lv denied* 92 NY2d 811; *People ex rel. Ward v Russi,* 219 AD2d 862, *lv denied* 87 NY2d 803). Accordingly, we find that petitioner's 1993 felony convictions obviated the need for full Board review of the parole violation inasmuch as "[a] parolee's conviction of a crime while on parole is sufficient, in and of itself, to support a revocation of parole and a new inquiry is hardly necessary" (*People ex rel. Roper v Kennedy,* 135 AD2d 924; *see, Matter of Melendez v New York State Div. of Parole,* 225 AD2d 935). Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.