■ In the Matter of MARK S. FROATS, Appellant, v RAMON J. RODRIGUEZ, as Chairman of the State of New York Division of Parole, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Leary, J.), entered September 19, 1988 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents revoking petitioner's parole.

Petitioner had been sentenced on January 24, 1976 to a 1-to-9-year term of imprisonment for his conviction on a sodomy charge; he was paroled August 4, 1979 with over five years remaining undischarged on the sentence. On May 30, 1981, while still on parole, he received a 2-to-4-year prison sentence as a predicate felon for his conviction of robbery in the third degree. Although the sentencing court failed to state on the record that this sentence was consecutive to the undischarged balance of his 1976 sentence, on December 24, 1981, the inmate records coordinator at Attica Correctional Facility in Wyoming County correctly calculated the robbery in the third degree sentence as consecutive to the 1976 sodomy sentence as mandatory under Penal Law § 70.25 (2-a). Petitioner was again paroled on August 23, 1985 with slightly over three years remaining undischarged on the 1981 sentence for robbery. While still on parole, petitioner was charged on September 19, 1985 with sodomy in the first degree, attempted rape in the first degree, criminal possession of a weapon in the third degree and assault in the second degree. He failed to attend the final hearing on his parole revocation held November 21, 1985. In his decision revoking petitioner's parole, the Hearing Officer reported his discussion with petitioner's counsel that counsel did not want petitioner to appear because of possible repercussions with an out-of-court identification at the hearing. Counsel feared identification by two eyewitnesses in the pending criminal charges. When asked whether he had explained to petitioner his due process rights with respect to the hearing and whether he was waiving petitioner's right to be present, petitioner's counsel responded, "I explained his rights and he said he was willing to waive his rights at the hearing." Revocation of parole was affirmed on administrative appeal.

Petitioner commenced this CPLR article 78 proceeding seeking annulment of his parole revocation on December 2, 1985 on the ground that the hearing in absentia violated his due process rights. He further contended that the May 30, 1981 sentence of 2 to 4 years' imprisonment for the robbery conviction should have run concurrent with and not consecutive to the 1976 sentence of 1 to 9 years on his conviction for sodomy. He urged that had that sentence been concurrent, it would have been completed in May 1985 so that he would not have been on parole in September 1985 when he was arrested for sodomy, attempted rape, criminal possession of a weapon and assault. Supreme Court dismissed the petition on the ground that Penal Law § 70.25 (2-a) required the 1981 sentence to run

consecutive to the unexpired portion of his 1976 sentence. The court further held that petitioner, through his attorney, effectively waived his right to be present at the parole revocation hearing. This appeal ensued.

The judgment should be affirmed. We find that the record supports the determination that petitioner voluntarily and knowingly waived his right to appear at the final hearing on the revocation of his parole as represented to Supreme Court by defense counsel. If, as here, the absence was a voluntary one, knowingly made for his own benefit and essential for the protection of his rights, an oral waiver will be upheld *(see, People v Epps,* 37 NY2d 343, *cert denied* 423 US 999). Petitioner was concerned lest he be identified at the hearing by eyewitnesses to the crimes with which he had been charged. Nor is there the substantiation of even the slightest hint in this record of official connivance or obstruction of petitioner which would serve to negate the validity of his waiver *(see, supra,* at 350).

The entire matter has become moot upon the finality of petitioner's most recent conviction after trial for the crimes associated with his parole violation *(People v Froats,* 145 AD2d 1000, *lv denied* 73 NY2d 977), which resulted in four separate persistent felony sentences including 25 years to life (Penal Law § 70.08). The conviction results in the automatic revocation of petitioner's parole (Executive Law § 259-i [3] [d] [iii]).

Appeal dismissed as moot, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.