104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James McDANIEL, Plaintiff-Appellant,
v.
W. STACHOWSKI, John Doe, Jane Doe, Frank E. Smith, Anthony
Dasilva, Gary D. Kresser, Kay Baase, and Kevin
McNiff, Defendants-Appellees.
 No. 95-2539.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 1
 James McDaniel, pro se.
 
 
 2
 Dennis C. Vacco, N.Y. Att'y Gen., Albany, NY.
 
 
 3
 Present: McLAUGHLIN, JACOBS, Circuit Judges, KELLEHER,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 James McDaniel pled guilty in New York state court to two counts of attempted rape. On June 17, 1976, the court sentenced McDaniel to two consecutive indeterminate five to fifteen year terms of imprisonment. McDaniel was released on parole on February 26, 1982. While on parole, McDaniel was convicted after a trial, again in New York state court, of robbery, attempted sodomy, criminal possession of a weapon, unauthorized use of a motor vehicle, and reckless endangerment. On March 17, 1986, the court sentenced him to a total indeterminate twelve-and-one-half to twenty-five year term of imprisonment (McDaniel's "robbery" conviction and sentence).
 
 
 7
 When an individual in New York commits a crime while on parole, and receives an indeterminate term of imprisonment for that crime, his parole is automatically revoked upon the issuance of a final declaration of delinquency ("FDD"). See N.Y. Exec. Law § 259-i(3)(d); Froats v. Rodriguez, 550 N.Y.S.2d 465, 467 (N.Y.App.Div.1990). On April 18, 1986, an FDD was issued for McDaniel, and his parole was revoked.
 
 
 8
 On October 8, 1987, McDaniel pled guilty in New York state court to bribing a witness, and was sentenced to an additional indeterminate three to six year imprisonment term (McDaniel's "bribery" conviction and sentence). An FDD was not issued with respect to this offense, because McDaniel's parole had already been revoked on the basis of his robbery conviction.
 
 
 9
 On May 8, 1991, the state appeals court vacated McDaniel's robbery conviction and sentence, finding that McDaniel's waiver of a jury trial did not comport with constitutional and statutory requirements. On September 13, 1991, after receiving official confirmation of the appeals court order, the Division of Parole vacated McDaniel's first FDD, and issued a new, second FDD based upon his bribery conviction.
 
 
 10
 On June 5, 1992, McDaniel pled guilty to robbery on the charges for which his conviction had been vacated. The official date of delinquency for a parolee is the earliest date that a violation of parole occurs. See 9 N.Y.C.R.R. § 8004.3(b); Warley v. Rodriguez, 536 N.Y.S.2d 282, 283 (N.Y.App.Div.1988). Thus, because McDaniel's robbery offense arose from events that preceded his bribery offense, a new, third FDD was issued, changing the basis of McDaniel's delinquency back from his bribery conviction to his robbery conviction.
 
 
 11
 On September 3, 1993, McDaniel filed a petition for a writ a habeas corpus in state court, arguing that various incidents surrounding the issuance of his FDD's, and the concomitant revocation of his parole, violated his constitutional rights. The court denied McDaniel's petition on the merits.
 
 
 12
 McDaniel then brought an action against various defendants in the United States District Court for the Western District of New York (John T. Elfvin, Judge ), pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his federal constitutional rights by improperly revoking his parole and incorrectly calculating his prison term. The defendants moved for summary judgment. The district court granted the defendants' motion, and dismissed McDaniel's complaint. McDaniel now appeals.
 
 
 13
 To the extent that McDaniel argues that he is entitled to actual release from prison because of the defendants' actions, he may not seek such relief in a § 1983 proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 14
 And, McDaniel's claim for damages is similarly barred:
 
 
 15
 [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
 
 
 16
 Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372 (1994). McDaniel's parole revocation and related sentence calculation are based upon his currently valid convictions for robbery and bribery. Unless that revocation decision is reversed or otherwise set aside, McDaniel may not pursue a § 1983 claim challenging the revocation or ensuing sentence. See id., Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995).
 
 
 17
 We have considered all of the additional arguments raised by McDaniel, and find them to be without merit.
 
 
 18
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation