■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES COOK, Respondent, v ARTHUR LEONARDO as Superintendent of Greene Correctional Facility, et al., Appellants. [706 NYS2d 220] —Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 30, 1998 in Greene County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner upon parole.

Upon petitioner's release to parole supervision in December 1996, rule 8 of his conditions of release required that he "not behave in such a manner as to violate the provisions of any law * * * which provide for a penalty of imprisonment." In December 1997, petitioner was arrested on a charge of criminal trespass in the second degree; as a result, he was charged in a violation of release report with violating rule 8 for being in a building without permission or authority. Additional parole violation charges were made in a supplementary violation of release report, including charge 2 which alleged a violation of rule 8 based upon petitioner's plea of guilty to criminal trespass in the second degree, a class A misdemeanor (*see*, Penal Law § 140.15). At the final parole revocation hearing, petitioner, who was represented by counsel, entered a plea of guilty to charge 2, resulting in a delinquent time assessment of 13 months. All other parole violation charges were withdrawn.

The misdemeanor conviction was subsequently vacated upon petitioner's CPL article 440 motion in exchange for his plea of guilty to trespass, a violation (*see*, Penal Law § 140.05). Based

upon the reduction in his conviction from a misdemeanor to a violation, petitioner commenced this habeas corpus proceeding to obtain his discharge upon parole. Supreme Court granted the petition, concluding that a violation provided no jurisdictional basis for the revocation of parole. Respondents appeal.

By decision of December 16, 1999, this Court reversed Supreme Court's judgment and dismissed the petition upon finding that petitioner had failed to exhaust his administrative remedies. We remitted the matter to respondent State Division of Parole for a rehearing on the merits of petitioner's claim. Respondents have moved for reargument.

Respondents' motion papers establish that during the pendency of their appeal from Supreme Court's judgment restoring petitioner to parole, petitioner was convicted of a felony which resulted in the automatic revocation of his parole (*see*, Executive Law § 259-i [3] [d] [iii]). Inasmuch as the subsequent revocation superceded the revocation at issue in this habeas corpus proceeding, the judgment on appeal no longer has any impact on the parties' rights (*see, Matter of Bennett v Kelly*, 251 AD2d 776, *lv denied* 92 NY2d 811) and, therefore, "[t]he entire matter has become moot" (*Matter of Froats v Rodriguez*, 157 AD2d 981, 983, *lv denied* 75 NY2d 710). Although respondents did not advise this Court of the subsequent revocation until after the appeal was decided, dismissal of the appeal as moot is appropriate.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the motion for reargument is granted, without costs, and unpublished memorandum and order dated and entered December 16, 1999 vacated. Ordered that, upon reargument, appeal dismissed, as moot, without costs.