# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**79**

**KAH 09-01010**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
JOHN D. VANILLE, PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY,
NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES, NEW YORK STATE DIVISION OF PAROLE
AND NEW YORK STATE ATTORNEY GENERAL,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 2.)

---

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL),
FOR RESPONDENTS-APPELLANTS.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO
(VICKY L. VALVO OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Orleans County
(Tracey A. Bannister, J.), entered May 8, 2009 in a proceeding
pursuant to CPLR article 70.  The judgment granted the petition for a
writ of habeas corpus and discharged petitioner from the custody of
respondents.

It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

Memorandum:  Respondents appeal from a judgment granting the
petition seeking a writ of habeas corpus with respect to petitioner's
civil commitment pursuant to Mental Hygiene Law article 10.  We
conclude that the appeal must be dismissed as moot.  Here, there is no
pending action that would provide a legal basis upon which petitioner
may be detained, and thus "the rights of the parties cannot be
affected by the determination of this appeal" (*Matter of Hearst Corp.
v Clyne*, 50 NY2d 707, 714; *see generally People ex rel. Hampton v
Dennison*, 59 AD3d 951, *lv denied* 12 NY3d 711; *People ex rel. Cook v
Leonardo*, 271 AD2d 773).  We further conclude that this appeal does
not fall within the exception to the mootness doctrine (*see generally
Hearst*, 50 NY2d at 714-715).

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court